THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                No. Cr. 15-0205 JH

RAYMOND CASTILLO,
DANIEL MAESTAS,
JOHNNY RAMIREZ,
FRANK GALLEGOS,
REYES LUJAN,
HENRY LUJAN,
REYNALDO MARQUEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On July 2, 2015, Defendant Frank Gallegos filed an Application for Subpoenas Duces Tecum Issued pursuant to F.R.Cr.P. Rule 17(b) and (c) (ECF No. 160). The Court, having considered the application, briefs, and applicable law, concludes that the application should be denied.

### I.    BACKGROUND

This case arises from two separate crimes. In the early morning hours of October 28-29, 2014, robbers stole a safe from a Wal-Mart store in Albuquerque. At around 2:30 a.m. on December 7, 2014, an armed robbery occurred at the 7-Eleven Store in Albuquerque.

On January 16, 2015, Albuquerque Police Department ("APD") Officer Geoffery Stone signed a Criminal Complaint-Arrest Warrant Affidavit for Frank Gallegos for the October 29th Wal-Mart robbery. *See* Criminal Compl. – Aff. for Arrest Warrant, ECF No. 155-1. The

Affidavit relied primarily on an unnamed Source of Information who "actively participated" in the Wal-Mart robbery. *Id.* at 2. On January 21, 2015, the United States filed a five-count Indictment against Defendants Raymond Castillo, Daniel Maestas, Johnny Ramirez, Frank Gallegos, Reyes Lujan, and Henry Lujan for crimes arising from the Wal-Mart robbery. *See* Indictment, ECF No. 16.

The United States filed a Superseding Indictment on February 25, 2015. Superseding Indictment, ECF No. 85. Counts 1-5 arose from the robbery of the Wal-Mart while Count 6 charged Raymond Castillo with the December 7, 2014 conspiracy to interfere with commerce by robbery of the 7-Eleven Store. *See id.* On May 28, 2015, the Government filed a Second Superseding Indictment adding Reynaldo Marquez to Count 6 and adding Count 7. In Count 7, the Government charged Reynaldo Marquez with knowingly using, carrying, brandishing, and discharging a firearm during and in relation to the December 7, 2014 interference with interstate commerce by robbery.

On July 2, 2015, Defendant Gallegos filed an Application for Subpoenas Duces Tecum issued pursuant to F.R.Cr.P. Rule 17(b) and (c) (ECF No. 160). He seeks APD records regarding the following investigations: (1) the October 29, 2014 Walmart robbery (Case Number 14-0098907), (2) the December 7, 2014 7-Eleven store robbery (Case Number 14-0111365), (3) a January 20, 2015 narcotics offense (Case Number 15-0006122); and an April 8, 2015 narcotics offense (Case Number 15-0029991). He seeks all discoverable material; all relevant police reports; witness statements; rough notes of investigation; emails and communications between law enforcement officers; reports in which a witness fails to identify Defendant Gallegos as a participant; search warrants, search warrant affidavits and search warrant inventories; raw surveillance video; photographs and video; and 911 and dispatch audio recordings.

On July 8, 2015, the Court entered an order declaring the case complex for speedy trial purposes and continuing trial. *See* Order, ECF No. 169. On August 6, 2015, this Court granted motions to sever Counts 6 and 7 for a separate trial. *See* Mem. Op. and Order 28-29, ECF No. 185. Trial of Counts 1-5 is set for April 11, 2016. Amended Notice, ECF No. 205.

## II.      ANALYSIS

Federal Criminal Rule of Procedure 17(c) allows a court to issue a subpoena to order a witness to produce certain designated "books, papers, documents, data, or other objects." *See* Fed. R. Civ. P. 17(c)(1). On motion, however, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Civ. P. 17(c)(2).

The purpose of Rule 17(c) was to expedite trial by providing a time and place for pre-trial inspection of subpoenaed materials, but "was not intended to provide a means of discovery in criminal cases." *United States v. Nixon*, 418 U.S. 683, 698-99 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). To require production prior to trial, the moving party must show the following:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699-700 (internal footnote omitted). To meet this burden, the moving party must demonstrate (1) relevancy, (2) admissibility, and (3) specificity. *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).

As for the two requested APD narcotics investigations, Defendant Gallegos has not shown the relevancy of these investigations to the charged crimes. He has thus failed to establish his entitlement to a Rule 17(c) subpoena for those investigative files.

With respect to the case files of the Wal-Mart and 7-Eleven robberies, without determining the relevancy of the items that might be therein, Defendant Gallegos has failed to meet his burden of showing the admissibility and specificity of the requested materials. Rule 17(c) only covers those materials that are "admissible as evidence." *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981) (quoting *Bowman Dairy*, 341 U.S. at 221). Defendant Gallegos has not asserted a basis for the direct admissibility of the police reports, witness statements, rough notes, or emails he seeks. To the extent Defendant Gallegos hopes that the requested items contain impeachment evidence, such statements do not ripen into evidentiary material until after the witness testifies at trial, and thus, are not subject to production prior to trial. *Cf. United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (holding that district court exercised sound discretion in quashing subpoena, despite defendant's contention that documents would have been admissible for impeaching credibility of government's witness, by relying on statement by Supreme Court that need for evidence to impeach witness is insufficient to require its production in advance of trial) (quoting *Nixon*, 418 U.S. at 701); *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) ("[B]ecause such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial, impeachment statements, although subject to subpoena under rule 17(c), generally are not subject to production and inspection by the moving party prior to trial.").

As for the requests for the raw surveillance footage and photographs, the Government has proffered that it has produced this evidence, so the requests for this evidence are moot. The Government has also stated that it will seek to obtain the 911 and dispatch audio recordings to review them for exculpatory value. Accordingly, there is no need for a Rule 17(c) subpoena for those recordings at this time.

Regarding the search warrants, search warrant affidavits and search warrant inventories, the Government has represented that the federal warrants are publicly filed. As to those items, Defendant Gallegos has thus not shown that he could not otherwise procure them reasonably in advance of trial by the exercise of due diligence.

Finally, Defendant Gallegos's request for a Rule 17(c) subpoena must be denied, because he failed to satisfy the specificity requirement. "Courts have held that requests for an entire file are evidence of an impermissible fishing expedition." *Morris*, 287 F.3d at 991. Here, Defendant Gallegos wants all APD records regarding its investigation of the Wal-Mart and 7-Eleven robberies, as well as two narcotics investigations. The Court must deny his application due to the lack of specificity of the request. *Cf. Morris*, 287 F.3d at 991 (declining to find that district court erred in quashing defendant's Rule 17(c) subpoena of "all records, documents, reports, telephone logs, etc., surrounding the investigation into the FBI undercover agent's shooting of Mr. Morris and the agent's entire personnel file" because the subpoena did not overcome hurdle of specificity and was impermissible fishing expedition for discovery); *United States v. Tokash*, 283 F.3d 962, 971 (7th Cir. 2002) ("Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge. Instead, it allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial.").

**IT IS THEREFORE ORDERED** that Defendant Gallegos's Application for Subpoenas Duces Tecum Issued pursuant to F.R.Cr.P. Rule 17(b) and (c) (**ECF No. 160**) is **DENIED**.

_____

**UNITED STATES DISTRICT JUDGE**

5