THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                  No. Cr. 15-0205 JH

RAYMOND CASTILLO,
DANIEL MAESTAS,
JOHNNY RAMIREZ,
FRANK GALLEGOS,
REYES LUJAN,
HENRY LUJAN,
REYNALDO MARQUEZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER

On July 13, 2015, Defendant Henry Lujan filed a Motion and Memorandum to Compel Investigative Notes and Early Disclosure of Jencks Material (ECF No. 171). Defendant seeks all un-redacted grand jury transcripts at least 60 days before trial and the investigative notes taken of any Defendant or any witness statements by any of the Government agents or law enforcement officers who have been involved at any stage of the investigation. The Court, having considered the motion, briefs, and relevant law, concludes that the motion should be denied.

## I.    LEGAL STANDARDS

The Jencks Act requires the government to disclose to criminal defendants any statement made by a government witness that is "in the possession of the United States" once that witness has testified.  18 U.S.C. § 3500(a) & (b).  The Act "manifests the general statutory aim to restrict the use of such statements to impeachment."  *Palermo v. United States*, 360 U.S. 343, 349

(1959).  The purpose of the Act is to protect the government's files from unwarranted disclosure and to give defendants access to materials usable for impeachment.  *See United States v. Smaldone*, 544 F.2d 456, 460 (10th Cir. 1976).

In pertinent part, the Act provides as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.  If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(a)-(b).

The Jencks Act further defines a witness "statement" as (1) a written statement made by the witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording or transcription thereof, that is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of such oral statement; or (3) a statement or transcription thereof made by the witness to a grand jury. *Id.* § 3500(e). The defendant has the burden to show that particular materials qualify as "statements" and that the purported statements relate to the subject matter of the witness's testimony. *Smaldone*, 544 F.2d at 460.

## II.      ANALYSIS

### A.      Investigative Notes

Defendant Henry Lujan requests an order compelling the government to disclose all

investigative notes taken by government agents and other law enforcement officers during the course of interviews with any person questioned during the investigation of this case under the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Giglio v. United States*, 405 U.S. 150, at least 30 days before trial. In the alternative, Defendant Lujan asks for an order requiring the Government to retain all interview notes in a sealed court file to preserve for the appellate record.

The United States asserts that Defendant Lujan's request must be denied because the Court cannot compel early disclosure under the Jencks Act and that Defendant Lujan has not met his burden of showing that any rough interview notes constitute "statements" under the Jencks Act or that they are exculpatory or material under *Brady*. The United States also proffers that the case agent, Special Agent Brandon Garcia, recorded witness interviews and did not take any notes, so the Government has no notes in its possession. The United States does not know if any other police officer made notes or if they exist somewhere. Finally, the Government asserts that the witness statements in this case are not exculpatory.

Rule 16(a)(2) prohibits the disclosure of reports, memoranda, or other internal government documents made by a government attorney or agent in connection with investigating or prosecuting the case. Fed. R. Crim. P. 16(a)(2).  An agent's rough interview notes may nevertheless be discoverable under *Brady* if the defendant shows that the notes are exculpatory and material.  *See United States v. Sullivan*, 919 F.2d 1403, 1426-27 (10th Cir. 1990); *United States v. Pisello*, 877 F.2d 762, 768 (9th Cir. 1989) (considering whether rough notes fell within *Brady*). Defendant Lujan, however, has not shown that any notes exist, let alone that they are exculpatory or material.  *See Pisello*, 877 F.2d at 768 (holding that defendant's mere assertion that agents' notes "might" contain impeachment evidence insufficient to order production of

3

notes).

Notes and reports of agents may also be producible after direct examination of a witness if they constitute "statements" of the witness under the Jencks Act.  *See* 18 U.S.C. § 3500; *United States v. Smith*, 984 F.2d 1084, 1086 (10th Cir. 1993) ("Interview notes could be 'statements' under the Act if they are substantially verbatim.").  Whether rough interview notes need to be produced under the Jencks Act is answered on a case-by-case basis after examining all the facts.  *See Pisello*, 877 F.2d at 768.  The defendant has the burden to show that particular materials qualify as Jencks Act statements.  *Smaldone*, 544 F.2d at 460.  The Jencks Act narrowly defines "statements."  *Id.* at 461.  The government is not required under the Act to produce an agent's informal description of witness testimony.  *See Palermo*, 360 U.S. at 355 & n.12 (holding that agent's brief summary of witness's statements prepared after interview were not "statements" under Jencks Act); *Smaldone*, 544 F.2d at 461.

Defendant Lujan has not met his burden of showing that any notes exist or that they constitute "statements" under the Jencks Act. *See United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003) ("[A]n interviewer's raw notes, and anything prepared from those notes (such as an FBI 302) are not *Jencks Act* statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness."); *United States v. Ramos*, 27 F.3d 65, 69 (3d Cir. 1994) (holding that rough interview notes made by agents are not statements under Jencks Act); *United States v. Hinton*, 719 F.2d 711, 717, 722 (4th Cir. 1983) (discussing, as holding of majority of circuits, including Tenth Circuit, that rough interim notes of government agent, when later incorporated in formal interview report, are not "written statements" under Jencks Act and need not be preserved); *Smaldone*, 544 F.2d at 460 (noting that defendant has burden to show materials qualify as Jencks Act statements). The Court

4

will therefore deny Defendant Lujan's request to compel the production of investigative notes.

As for Defendant Lujan's request to order the preservation of investigative notes, the Government has affirmatively stated that it has no such notes in its possession, so this request is moot. Should any such rough interview notes of law enforcement officers and agents that pertain to the case come into the Government's possession, the United States is aware of its duty to review the notes to determine if any information in the notes is subject to disclosure under the Jencks Act, *Brady*, *Kyles*, and *Giglio*. If there is a close question of whether information in the notes is subject to disclosure, the Government should present the notes to the Court for *in camera* inspection.  The Court thus finds a preservation order unnecessary at this time.

### B.      Grand Jury Transcripts

Defendant Lujan seeks the disclosure of grand jury transcripts at least 60 days before trial to permit time for effective cross-examination and avoid delays at trial. As discussed above, and as Defendant Lujan acknowledges, the Court cannot compel the early production of the statements. *See* Def.'s Reply 1, ECF No. 187 ("Mr. Lujan has conceded that a strict reading of the Jencks Act permits the Government to withhold witness statements until each person testifies."). The Court, however, strongly encourages the Government to disclose Jencks Act material well before trial to avoid trial continuances and delays.

**IT IS THEREFORE ORDERED** that Defendant Henry Lujan's Motion and Memorandum to Compel Investigative Notes and Early Disclosure of Jencks Material (**ECF No. 171**) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**